United States v. Smith. Mr. Wood. Your Honor, may it please the Court, Bob Wood on behalf of the government. This Court, the first time around, said that nothing in the record justified Mr. Smith's 14-month sentence. The record hasn't really changed. All that we really have that's different this time around is this letter that Mr. Smith read, which the Court used to apply, or to give some sort of credit, not really under the guidelines, but for acceptance of responsibility. The main issue the government has with that is, in the letter, he doesn't mention his victims, the harm he did to them. He doesn't mention his crimes. He doesn't mention really any sort of concept of remorse. And so the basic, the big basic mistake, in addition to the same mistakes that were around in Smith 1, is that he didn't in any way, shape, or form deserve acceptance of responsibility credit, however it was given to him. But you agree that had he accepted responsibility, the sentencing court might reasonably have considered acceptance as part of the 3553A analysis. The government's position is that there are circumstances under which it would be reasonable and fair to do so. It's just that this, and the way, you know, maybe that was inartfully structured in the brief, but the government's problem here is it really stands out that the Court mentioned the guidelines section, and the guidelines section has terms, and those terms clearly don't apply to Mr. Smith. And even if you set aside those terms, and just go with the general concept under 3553A of acceptance of responsibility, remorse, any sort of synonym to that, he has not even broached the subject yet, which the government views as a procedural error. So did this Court's prior opinion find the 14-month sentence substantively unreasonable or simply procedurally flawed? I mean, is your argument dependent on a finding that is substantively unreasonable? As to the second question, Your Honor, no, not at all. Our primary argument on this appeal as the first time is procedural unreasonableness. And as I read the Court's first opinion, the Court used the term justify, which goes more towards substantive reasonableness. But I don't think the Court fully and fulsomely reached the substantive reasonableness question and had only to really rely in a detailed, intricate way on procedural reasonableness and the explanation component, which the government says, again, is lacking. And that is because even though the district court said some more things this time, none of those things, many of them were not supported by the record and others the government finds other flaws with, they were all either in some sense insubstantial, like as with the rehabilitation claim. There's really no evidence, as in a case like Pepper, of three years showing dramatic rehabilitation. There's nothing like that here. Everything seems to be as it was before for Mr. Smith. The Court's lip service to deterrence seems to the government to be insubstantial in the sense that he received such a low sentence, it's not clear to me how this would deter that sort of behavior, especially when he still hasn't acknowledged the kind of harm that he's done to his victims or to all the people that he's hurt in the past. He still hasn't mentioned that either. I thought your particular emphasis was that he really didn't pay any attention to our opinion. I would say that that was a strong motivating factor for bringing this back to the Court's attention. The District Court went into detail about a couple of the cases, but this Court also went into detail about those cases, and I'd also add that even though it hasn't been discussed at much length yet, Mr. Smith argues that those cases didn't have mitigating factors like this one, but of course they did. It just wasn't part of the opinions that this Court wrote because those weren't sentencing opinions. The mitigating factors, Mr. Kazi or however you say that, he apologized profusely to the victim right after he did it. The victim lunged at him. He had 51 letters from the community, and a board of civilians suggested that he be put back on the force. And he received 40 months in prison for one crime, whereas Mr. Smith received 14 for two, and a history of violence. And there are other mitigating factors in other cases as well. The case should be remanded again. Does the government have a view on whether it should be returned again to the same trial judge? The government does not have a position on that. That is, we do not feel that the district judge is incompetent to handle this case or anything like that. That is entirely within the Court's bailiwick. No, the government doesn't take a position in that regard, Your Honor. The district court is capable of handling the case. I mean, if the Court sees otherwise, that's fine with the government too. He's not going to want to have it a third time. That may very well be the case. We would like someone to have it a third time. I would state our position as specific as that. And whether this Court wants it to go somewhere else, or not, either way is fine. That's a good answer on your part. Yeah, and it is genuinely how we feel about it. He's a judge with whom our office has a great relationship. We hope that's true of all judges, of course. So, anyway, I... You should stop wearing your head. That's right. You better stop wearing your head. Yes. So, let me ask you this. Why was the district court required to reconsider all five cases discussed at the first sentencing hearing rather than simply taking the time and consideration to discuss the cases that were lied on in recent? The government's position is not at all that he was required to address all five. He chose those cases the first time around. In the government's view, they point up unwarranted disparities with the case as it stands now and as it stood then. On remand, this Court had already deemed, to a sufficient extent, those cases insufficient to explain the sentence. So he could have considered none and offered other reasons, and that would have been fine with the government. The government's point is that he needed to say something, and it needed to be proper, it needed to be supported by the record, and that his detailed analysis of those two cases didn't do anything to help with that. And the three other cases the government maintains don't help Mr. Smith's case and don't help the district court's explanation at all, but that doesn't mean that they're crucial. It would be hard for him to formulate an explanation based on those cases in the government's view. And just to make sure that I've answered your question fully, Judge Rovner, coming back full circle, of course, even though the government's primary argument is procedural unreasonableness, to the extent that that is not a sufficient argument to succeed the second time around, we maintain substantive unreasonableness on the basis of this being a really, really, really low sentence compared to others nationwide. And that is, I think, the entirety of the government's main points. Unless the Court has other questions, the government will reserve. Okay. Thank you, Mr. Wood. Mr. Ellis? May it please the Court, Counsel, my name is Daniel Ellis. I'm with the Federal Public Defender's Office, and I represent T.J. Smith. The district court did not procedurally err, and there was no substantively unreasonable sentence here. Here, the judge followed the required sentencing procedure. He correctly calculated guideline range. He gave the parties the opportunity to identify the relevant 3553A factors, either in mitigation or in aggravation, and he stated the factors that led to the sentencing decision. In particular, the judge noted that Mr. Smith accepted responsibility. I think the judge was clear that he was not saying that it was a guidelines matter in that regard, but it was a 3553A1 factor, and that's appropriately considered, especially... the evidence that he accepted responsibility when he failed to discuss the crimes of conviction, the victims, or even the fact that there were two separate incidents that occurred, or to say that he was responsible and admit his guilt. He didn't do any of those. I don't think those things are required, Your Honor, because under normal PSRs that we receive, a person, they can stand on the offense, and they can, therefore, get acceptance of responsibility. They don't have to go book and page about past offenses, present offenses, particular elements of this crime, things of that nature. They're not required. The PSR made an assessment in this case through the supplemental addendum through the interaction of the probation officer with the defendant, my client, Mr. Smith, and determined that there was acceptance of responsibility in a general sense. It wasn't objected to by the government. The district court was entitled to rely upon it, and the district court did. So how was it accepted in a general sense if there was no reference to any of those factors I mentioned? I'd say no different than normal PSRs that we get where they say the individual, by admitting the crime, should get acceptance of responsibility. Here, the district court, in the supplemental addendum that it received, the probation officer said that he took ownership. I think that communicates the exact same concept as acceptance of responsibility. If you take ownership for your actions, you acknowledge what you did, and you accept that you did them, that is conceptually identical to the acceptance of responsibility that we see under USSG 3E 1.1a or 1.1a and b. So, again, I think the district court was entirely within its province to rely on the PSR, the supplemental addendum, the relationship that the individual had with the probation officer. If those things were contested or wished to have been contested, they should have been. They were not. So I don't think that the district court erred by relying on that. Why did the judge say his anger control counselee would be interrupted if he were sent back to jail? I understood the program to be an eight-week program, I think, Your Honor. A what? I think it was an eight-week program. I'm not sure of the duration of it. But he had been released, of course, on the day that this court issued its decision in Smith. He had been taking the courses. And if he were to be then reincarcerated, as the judge found there would be no benefit of doing that, it would have interrupted then his participation in the program. Why can't you have anger control counseling in prison? If the prison offers it, I'm not certain. But it would certainly have been a discontinuity in the existing program that he was participating in. And like so many programs sometimes, if you don't complete everything A to Z, you're not entitled to completion of the program. So he may have had to start from scratch. Okay, the judge didn't discuss that, of course. He didn't, but I think it's implicit and it's reasonable to note. We see these things in interruptions in programs in other cases, too. That's why individuals sometimes don't want to come to court for resentencing, because they're in the drug rehabilitation program and they have to start anew. Judge Rogner, I'm sorry, I think you were beginning to ask a question. I did, because I want to tell you what I am concerned about. I'm concerned that the district judge thought that an eight-week class could rehabilitate a man with his background of violence. He has a long history of violent behavior. And I was trying to see where in the district court's analysis we would see any weight given to the lengthy history, the lengthy violent history, or what reason there was to believe that an eight-week class could rehabilitate him. I don't think that the district court was standing alone on that one factor, and so it was one among many. And as rehabilitation goes, it would be similar as any other rehabilitative program that you take. It's an ongoing process, and if it's something that you struggle with, like alcohol addiction or drug addiction, just the completion of the program to begin it is an important thing, and to progress through it is also important. I don't think the district court was saying that it's something of a medical issue that you're fully rehabilitated upon completion of the program. It's something that the district court took into consideration, though, as part of the overall sentencing requirements and the procedures that was required to undertake. Well, you know, there is no question that Judge Lawrence had a lot of sympathy for this, for Mr. Smith. But, of course, Mr. Smith's punishment was self-inflicted, you know, the natural consequences of some really terrible, terrible behavior. Your Honor, he's been punished in collateral ways with regard to that, and the district court noted those things and found it significant about his loss of position, not just on the force, but also he resigned from the council for his village that he was part of, his loss of reputation, his conviction itself. These are all serious things. And so where does he really speak to the victims and the crimes committed against them and the impact it had on their lives in this resentencing? Are you saying my client, Your Honor, or the judge? No, the court. I think that the judge gave a brief explanation about what it took into consideration. Obviously, he knew the impact on those individuals from not just presenting at the trial, but also at the original sentencing hearing and then at the resentencing hearing. There's no new additional evidence that was presented on that topic. There was no resentencing. The judge says the court must look to a sentence that affords adequate deterrence to criminal conduct I think it is also important to consider the need for the sentence in this case to be a deterrent to other police officers. He's not imposing the sentence. A little bit of supervised release. Well, he did reimpose the same sentence, and I think it's on page 50 of the sentencing. Pardon? I think it's on page 50 of the resentencing transcript. He said that for all these reasons he doesn't see a benefit of additional incarceration, and so he is essentially, I believe he says he's reimposing the same sentence and does give the 14 months. Does that mean reimposing the same sentence? Yes. But he's not sending him back to prison for 14 months or for five minutes. So how is that reimposing the same sentence? He imposed the same 14-month period that he gave. Look, that's phony. He's not reimposing anything. The guy served the 14 months. He reassessed all the factors, and those are the ones that matter. There's no reimposition of his sentence except for the supervised release. He's not being sent back to prison. It's very misleading to say the need for the sentence in this case to be a deterrent. Well, nothing that he does in this resentencing is going to be a deterrent to other police officers. The whole notion of general deterrence wasn't developed by either party in the case, and I know there's academic literature that discredits the notion, so I'm not certain of how valid the notion of general deterrence is. Discredits what you're saying, punishing one person never has a deterrent effect on anyone else? The academic literature suggests that it doesn't. There's specific deterrence that is achieved through the imposition of sentence. The only future punishment... Now, that's an example. Look, I understand there's a lot of skepticism about the efficacy of long sentences. I understand that. But it isn't true that a prison sentence never has a deterrent effect on anyone other than the prisoner. I'm not saying... People see the consequences of criminal activity by other people, and if those people are punished, then some of these would-be criminals will back off. It theoretically can happen, but... Theoretically it never happens. No one is ever deterred by the punishment of somebody else. No, I suspect that it does occasionally happen. Now, come on. Your Honor, the future punishment as to that topic does exist here in the case because there's an ongoing then period supervised release, all the conditions and so forth. The judge weighed the factors. The government wishes to re-weigh the factors and call them differently. But it's not an abuse of discretion, and that's exactly what the focus has to be. Did the district court provide the necessary explanations... Well, then why did we reverse? Because I think that Your Honor was correct originally about the procedural errors. I think those have been accounted for now, and there's not a basis now to reverse on that. And I see I'm out of time, but as for substantive reasonableness, there is no substantively unreasonable sentence. A judge can impose a sentence that's substantively unreasonable if he overstates the fact or relies on it disproportionately and so forth, but that's not been the government's argument in this case. And the examples that they gave and the cases that they cited don't support its efforts to show substantive unreasonableness either. The government wishes to re-weigh the sentencing factors, but the district court appropriately weighed them. It reached a different conclusion, respectfully, than this court did or the government did, but that was through the proper exercise of its discretion, not through an abuse of discretion that warrants a reversal and a remand here. I didn't like what the judge said. While it's difficult to put oneself in a police officer's shoes in the heat of the moment, etc., during stressful and chaotic arrest situations, etc., there's no excuse for punching, jumping. Now, that part of it is fine, but there's this obvious sympathy for the police officers, heat of the moment, going crazy. And then he says at the end, it appears Mr. Smith may have some anger control issues, as evidenced by his prior conviction for battering a child. I don't see that. I don't see the connection there. That was something that happened, and it was long ago. The government turned a lot of stones to get employment records and things that we don't see in the normal case, and we don't see in any of the other cases that are used as comparators. And frankly, I don't know what would happen if the government had made the efforts in those other cases,  But this case was unusual in that regard. The district court considered that, however, and decided that this, on balance, was an appropriate sentence. And the government asked this court to substitute its judgment in place of the district court's, and it's just not an appropriate thing to do under the abuse of discretion. We get sentences that we don't like sometimes as defense attorneys. It happens often. We can't show to the satisfaction of this court that a judge has abused his discretion when it selects a sentence that we don't like. I think the government finds itself in the same position here today. Your Honor may have called it differently. I respect that, but I don't think that Judge Lawrence committed either a procedural error or imposed a substantively unreasonable sentence when he imposed the sentence that he did here. Okay, well, thank you. Sorry, I'm losing my cards. Mr. Wood. Oh, okay. And just a couple of quick points, Your Honor. First, the judge did abuse his discretion to the extent that he afforded. Mr. Hillis. Oh, sorry, sorry. Go ahead. Take credit away from my colleague. When the judge gave him credit for acceptance and responsibility, that was an abuse of discretion. And also, Mr. Smith says the government turned over stones here and didn't in other cases. Of course, the government did, and in those other cases, DeSantis, Kazi, Houchin, cases cited in the government's brief, these police officers had commendations, exemplary records, military, tours of duty. They didn't have pasts like Mr. Smith. The difference is Mr. Smith. It's not the government's efforts to find things out about violent pasts. And the one thing I'll say on deterrence, without speaking to the academic literature, this was a big news item in Terre Haute. I mean, Terre Haute is not Chicago. I mean, not to denigrate it, but it's not Chicago. And also, police excessive use of force is noticed, as it should be. And whether it's just Terre Haute's police officers or the surrounding counties' deputies, this has to have either some deterrent effect to them or none. And that, I think, speaks to the substantive reasonableness of the sentence, just as it does procedural. And with that, I'll rest on my brief. Okay, well, thank you, Mr. Wood and Mr. Hillis.